FILED

14 DEC 30 PM 4: 21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ace   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21st CENTURY FINANCIAL SERVICES, LLC,<br><br>                    Plaintiff,<br>vs.<br><br>MANCHESTER FINANCIAL BANK,<br><br>                    Defendant. | CASE NO. 14mc0500<br><br>**ORDER GRANTING MOTION FOR ORDER COMMANDING APPEARANCE FOR EXAMINATION OF RICHARD GIBBONS, PERSON MOST KNOWLEDGEABLE OF MANCHESTER FINANCIAL GROUP, L.P.** |

On October 30, 2014, Judgment Creditor 21st Century Financial Services, LLC, moved for an order commanding the appearance for examination of Richard V. Gibbons, person most knowledgeable of third-party Manchester Financial Group, L.P. [Doc. 20] Judgment Debtor Manchester Financial Bank requested an opportunity to respond and filed its Opposition on November 14, 2014. [Doc. 22] Before the Court are Judgment Creditor's Motion [Doc. 20], Judgment Debtor's Opposition [Doc. 22], Judgment Creditor's Reply [Doc. 24], and Judgment Debtor's Sur-Reply. [Doc. 26] After carefully reviewing the parties' extensive briefing, the exhibits, and the applicable law, for the reasons discussed below, this Court GRANTS Judgment Creditor's Motion.

//
//

## I. STATEMENT OF FACTS

The following factual background is derived largely from the opinion of the United States Court of Appeals for the Fifth Circuit, which affirmed the arbitration tribunal award of approximately $532,000 entered in favor of Judgment Creditor and against Judgment Debtor on February 2, 2010. *21st Century Fin. Servs., L.L.C., v. Manchester Fin. Bank*, 747 F.3d 331 (5th Cir. 2014). The Fifth Circuit's opinion is filed in this case as Docket Number 24-4.

In 2008, a group of bank organizers – including, among others, Frederick Mandelbaum and Richard Gibbons – sought to charter a bank to be called Manchester Financial Bank, N.A. (hereinafter "Manchester Bank"). [Doc. 24-4, p. 3] In February 2008, Manchester Bank entered into an "Agreement for Computer Processing Services" with 21st Century. *Id.* The Agreement identified Frederick Mandelbaum as Manchester Bank's CEO, included an arbitration provision, and provided the bank's address as 7825 Fay Street, Suite 100, La Jolla, CA 92037. *Id.*

In connection with the Agreement, Manchester Financial Group, L.P. ("MFG") issued two checks to pay deposits to 21st Century for services to be provided to Manchester Bank. [Doc. 24-4, p. 3] However, on October 3, 2008, Frederick Mandelbaum emailed 21st Century that the bank's principal investor had "decided not to move forward based on the current economic turmoil." *Id.* In response, on a date not specified in the Fifth Circuit's written opinion, the president of 21st Century forwarded Mr. Mandelbaum two invoices for amounts due under the Agreement. Mr. Mandelbaum emailed 21st Century's president back, agreeing to pay one invoice but disputing liability on the second. *Id.*

The parties did not resolve the amount due under the Agreement. [Doc. 24-4, p. 4] Michael Levinson, attorney with the San Diego office of the Cooley Law Firm, copying bank organizer Richard Gibbons, contended in a letter on an unknown date that neither MFG nor Manchester Bank was liable for the disputed amounts. *Id.* In August and September 2009, 21st Century demanded arbitration. *Id.* The arbitration

was held in Austin, Texas, on January 13, 2010. *Id.* p. 5. While Manchester Bank did not appear, 21st Century provided evidence in support of its claim. *Id.* On February 2, 2010, the arbitration tribunal issued an award in favor of 21st Century for $477,070.29 in damages, $44,274.00 in legal fees, $10,760.00 in arbitration costs, and any post-judgment interest. *Id.* at 6.

21st Century thereafter sued in Texas state court under the Federal Arbitration Act to confirm the award, and Manchester Bank removed the matter to federal court. [Doc. 24-4, p. 6] Manchester Bank argued before the U.S. District Court for the Western District of Texas that 21st Century had failed to comply with the notice provision in the Agreement and had not attempted to negotiate in good faith with senior management prior to invoking arbitration as the Agreement required. *Id.* After a bench trial on an agreed record and stipulated facts, the District Court granted 21st Century's motion to confirm the award and rejected the bank's two theories opposing confirmation. *Id.* at 6. The Fifth Circuit affirmed on appeal on March 31, 2014. *See id.* at 13.

Judgment Creditor filed the judgment of the U.S. District Court for the Western District of Texas in this Court on April 25, 2014. [Doc. 24-10] On July 11, 2014, this Court granted Judgment Creditor's Motion for an order compelling Frederick Mandalbaum, CEO of Judgment Debtor Manchester Bank, to appear for an examination. [Doc. 3] The examination of Mr. Mandalbaum was vacated and rescheduled several times upon request of the parties, and finally went forward on September 24, 2014. *See* [Doc. 18].

Judgment Creditor's Motion followed on October 30, 2014, seeking an order to compel MFG to appear for examination through its person most knowledgeable, Richard Gibbons. [Doc. 20] Judgment Creditor states that the third-party examination is appropriate because MFG "has been inextricably linked to the Judgment Debtor's business affairs and finances from the inception of Judgment Debtor's existence" and possesses "information and documents regarding Judgment Debtor's finances and

business affairs" that are not otherwise available. [Doc. 24, p. 6, 8] Judgment Debtor opposes the examination of MFG, arguing that Judgment Creditor's Motion is both procedurally defective and seeks relief that is not authorized by law. Judgment Debtor further contends that Judgment Creditor seeks to use the third-party examination procedure to improperly re-examine Judgment Debtor through a new representative simply because it is unhappy with the testimony provided by Mr. Mandelbaum. [Doc. 26, p. 9]

## II. DISCUSSION

**A. Applicable Law**

Rule 69 of the Federal Rules of Civil Procedure authorizes federal courts to enforce a money judgment by writ of execution or other means in accordance with the procedures set in place by state law. FED. R. CIV. P. 69(a)(1). Accordingly, in ruling on Judgment Creditor's Motion, this Court must follow California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law ("EJL") and set forth in California Code of Civil Procedure §§ 680.010 through 724.260.[1] Neither party disputes that California judgment debtor law is applicable here.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discovery property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 39 Cal. Rptr.2d 432, 437 (Cal. Ct. App. 1995). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," *Hooser v. Superior Court*, 101 Cal. Rptr. 2d 341, 345 (Cal. Ct. App. 2000), and "to leave no stone unturned in the search for assets which might be

---

[1] All future statutory citations will be to the California Code of Civil Procedure (West 2014), unless otherwise noted.

used to satisfy the judgment." *Troy v. Superior Court*, 231 Cal. Rptr. 108, 112 (Cal. Ct. App. 1986).[2]

### B. The Examination of MFG is Appropriate and In the Interests of Justice and Fundamental Fairness

Under the unique facts and circumstances of this case, this Court finds that the principles of fundamental fairness weigh in favor of allowing Judgment Creditor to examine MFG to obtain information about property and assets of the Judgment Debtor. This Court so finds for two distinct reasons. First, the record is clear that MFG was intimately involved at all stages of the operations of the Judgment Debtor, including its creation and dissolution. For example, MFG supplied the first two deposit checks to Judgment Creditor under the Agreement between Judgment Creditor and Judgment Debtor [Doc. 24-4, p. 3], signed the lease on the office space listed as Judgment Debtor's address [Doc. 24-11, p. 3; Doc. 24-4, p. 3], entered into a contract for consulting services rendered to Judgment Debtor by its CEO [Doc. 24-12, pp. 6-7], and paid vendors retained to provide services for Judgment Debtor such as telephones and watering the flowers. [Doc. 24-12, pp. 3-4] Second, the testimony of Judgment Debtor's CEO indicates that MFG may possess documents pertaining to Judgment Debtor that are not otherwise available to Judgment Creditor – for example, the lease for the office space in La Jolla, *id.* at 2-3, the contracts and invoices from the aforementioned vendors, *id.*, and Mr. Mandelbaum's own contract for his consulting services to the Bank, *id.* at 6-7.

Were Judgment Creditor seeking to compel the examination of a completely unrelated third party, this Court might be more receptive to that party's objections. However, given the broad scope of judgment debtor examinations generally under California law and the close nexus between MFG and Judgment Debtor, this Court

---

[2] Judgment Debtor argues that these principles of broad inquiry only apply to examinations of judgment debtors, and not to examinations of third parties. *See* [Doc. 26, p. 5 n.4] However, Judgment Debtor cites no authority that persuades this Court that the broad scope of proceedings outlined in *Imperial Bank*, *Hooser* and *Troy* should not apply equally to all procedures under the EJL.

finds that it is appropriate to grant Judgment Creditor an opportunity to examine MFG to determine whether MFG has information that would aid in the enforcement of the judgment.

**C. The Examination of MFG Is Authorized Under California Law**

After carefully considering the legal arguments raised by the parties, this Court finds that the third-party examination of MFG is authorized under § 708.130 and § 187.

### *1. California Code of Civil Procedure § 708.130*

Section 708.130(a) states: "Witnesses may be required to appear and testify before the court or referee in an examination proceeding under ths article in the same manner as upon the trial of an issue." CAL. CIV. PROC. CODE § 708.130(a) (West 2014). A plain language reading of this provision indicates to this Court that any witness with relevant information may be compelled to submit to an examination in connection with a judgment enforcement, so long as that witness could be called upon to testify as a witness in a trial on the issue. This Court's reading of the statute is shared by an authoritative California practice guide, which states:

> **Examining other persons with information:** In addition, it appears that any person with knowledge leading to enforcement of the judgment (e.g. debtor's bookkeeper, accountant or nondebtor spouse) can be subpoenaed to testify before the court or a referee in an examination proceeding in the same manner as a trial witness. [See CCP §§ 708.130, 708.140].

THE HON. ALAN M. AHART, CAL. PRACTICE GUIDE: ENFORCING JUDGMENTS & DEBTS, Ch. 6G-1 § 6:1280 (The Rutter Group ed., 2014).

Judgment Debtor advances a much narrower interpretation of § 708.130. Specifically, Judgment Debtor points to the preceding section of the EJL, § 708.120, which authorizes a court to order a third-party examination when it is proven that (1) the third party has possession or control of the judgment debtor's property, or (2) the third party is indebted to the judgment debtor in an amount exceeding $250. CAL. CIV. PROC. CODE § 708.120(a) (West 2014). Judgment Debtor argues that third party examinations are *only* allowed when the requirements of § 708.120(a) are satisfied, and

that any broader reading of § 708.130 would render § 708.120 superfluous.[3] [Doc. 26, p. 5]

This Court has carefully considered Judgment Debtor's arguments, but can find no California case law that directly supports Judgment Debtor's position. The case heavily relied upon by Judgment Debtor, *Fox Johns*, is inapposite because it concerned an examination that was obtained under § 708.120. *See Fox Johns Lazar Perkin & Wexler, APC, v. Superior Court*, 162 Cal. Rptr. 3d 571, 577 (Cal. Ct. App. 2013) ("Brewer obtained an order per § 708.120 setting an examination of Wexler"). There is no clear indication from the *Fox Johns* opinion that the respondent moved for the third-party examination to be conducted exclusively under § 708.130 rather than § 708.120, as Judgment Creditor has done here.[4] *Fox Johns* is primarily a case about the scope of permissible questions in an examination conducted pursuant to § 708.120, and chiefly holds that § 708.120 does not allow for expansive examination and is not the proper mechanism to discover the identity of a law firm's clients, review a law firm's billings to other clients or obtain information about entities that may be a judgment debtor's alter ego. *Id.* at 579. This Court is not persuaded to adopt a broader reading of *Fox Johns* at this time, absent a clearer statement from the California courts or legislature, that § 708.120 is the *only* statute that authorizes third-party witness examinations under the EJL.

//
//

---

[3] Judgment Creditor concedes that it cannot seek to compel the examination of MFG under § 708.120; Judgment Creditor has not alleged that MFG owes Judgment Debtor any property or money. [Doc. 24, p. 8]

[4] The Court acknowledges that *Fox Johns* contains language suggesting that the Respondent rooted some or all of its arguments *on appeal* in § 708.130 rather than § 708.120. *See* 162 Cal. Rptr. at 577-78 ("Brewer [ ] fails to explain why § 708.130 relates to issues here before us," and "Brewer does not cite to, discuss, or otherwise mention [§ 708.120] in its respondent's brief.") However, the *Fox Johns* opinion is clear that in the first instance, the Respondent obtained its third-party examination order from the trial court under § 708.120. *Id.* This distinguishes *Fox Johns* from the instant case and underscores this Court's conclusion that *Fox Johns* is primarily an opinion that defines the scope of § 708.120, not § 708.130.

### 2. *California Code of Civil Procedure § 187*

This Court not need determine as a matter of law that § 708.130 specifically authorizes expansive third-party witness examinations, and declines to do so here. As an alternative, § 187 of the California Code of Civil Procedure is a catch-all provision that gives a court "all the means necessary to carry [its jurisdiction] into effect." CAL. CIV. PROC. CODE § 187 (West 2014). Specifically, "if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." *Id.* This provision has been invoked by both state and federal courts to effectuate judgment enforcements through procedures not specifically authorized under the EJL. *See NEC Electronics Inc. v. Hurt*, 256 Cal. Rptr. 441, 444 (Cal. Ct. App. 1989) (invoking § 187 to amend a judgment to add additional judgment debtors, even when that procedure was not specifically authorized by the EJL); *Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588, 597 (N.D. Cal. 2012) (citing *NEC Electronics* and § 187 for the authority to amend a judgment to add judgment debtors). As the California Court of Appeal in *NEC Electronics* explained, "§ 187 of the Code of Civil Procedure grants to every court the power to use all means to carry its jurisdiction into effect, even if those means are not set out in the code." 256 Cal. Rptr. at 444.

Accordingly, to the extent it remains unclear whether the third-party examination of MFG is authorized under the specific provisions of the EJL, this Court exercises its discretion under § 187 to order the same.

## C. Judgment Creditor's Motion is Not Procedurally Barred

As a final matter, the Court is unpersuaded by Judgment Debtor's arguments that procedural defects render Judgment Creditor's Motion fatally flawed. Judgment Creditor's Motion appears to have been filed in accordance with the informal procedures put in place in this District for noticing and filing motions for examinations in judgment enforcement cases, and thus does not violate this Court's Local or Chambers Rules. *See* [Doc. 24, pp. 1-2] Additionally, since the Texas judgment has

1 | been registered and filed in this District, the statutory requirements of § 708.160(d) do
2 | not apply. *See* 28 U.S.C. § 1963; *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117,
3 | 1123 (9th Cir. 2010) ("When a final judgment from one district court is registered with
4 | another district court pursuant to 1963, the registered judgment must be treated like any
5 | other judgment entered by the registering court."). Judgment Debtor cites a single,
6 | unreported opinion from the U.S. District Court for the Eastern District of California
7 | to support its position that Judgment Creditor must comply with the regulations
8 | of § 708.160(d) even though the Texas judgment has been registered and filed in this
9 | District. [Doc. 26, p. 3] (citing *Gordon v. Vitalis Partners, LLC*, No. 2:10-mc-0070
10 | WBS KNJ, 2012 WL 161033, at *2 (E.D. Cal. Jan. 18, 2012)). However, this Court
11 | is not convinced by Judgment Debtor's claim, as the *Gordon* opinion does not address
12 | the specific arguments advanced by Judgment Creditor under 28 U.S.C. § 1963 and
13 | *Peterson*, which this Court finds persuasive. A decision from another District does not
14 | bind this Court. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001).

15       This Court finds that Judgment Creditor's Motion is not procedurally flawed, but
16 | even if it were, this Court would exercise its discretion under § 187 and this District's
17 | Local Rule 1.1(d) to accept the Motion despite its deficiencies, in the interests of
18 | justice. *See* CAL. CIV. PROC. CODE § 187(a) (West 2014); CivLR 1.1(d).
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

### III. CONCLUSION

For the above reasons and in the interests of justice and fundamental fairness, this Court finds good cause to GRANT Judgment Creditor's Motion for an Order compelling the appearance for examination of MFG through its person most knowledgeable, Richard Gibbons. Judgment Creditor is instructed to confer with the Court Clerk assigned to judgment enforcement cases in this District to obtain a mutually-agreeable date and time for the examination, and then to submit a proposed order to this Court's chambers with a copy to opposing counsel. At that time, the Court will issue the Order compelling the examination.

IT IS SO ORDERED.

Date: December 30, 2014

KAREN S. CRAWFORD
United States Magistrate Judge