1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21ST CENTURY FINANCIAL SERVICES, LLC,<br><br>             Judgment Creditor,<br><br>v.<br><br>MANCHESTER FINANCIAL BANK,<br><br>             Judgment Debtor. | Case No.:  15cv1848 BTM (BGS)<br><br>**ORDER DENYING MOTION TO ADD JUDGMENT DEBTORS** |

Currently before the Court is 21st Century Financial Services, LLC's ("21st Century") motion to add Manchester Financial Group, L.P. ("MFG Partnership"), and Manchester Financial Group, Inc. ("MFG Corporation"), as judgment debtors. (ECF No. 40.) Because adding the proposed judgment debtors requires an independent basis for federal jurisdiction, 21st Century's motion is **DENIED.**

## I. BACKGROUND

The dispute in this case arises from an arbitration award for a breach of contract claim in favor of 21st Century and against Manchester Financial Bank. The arbitration award was confirmed by the District Court for the Western District

of Texas in March 2013, which decision was affirmed by the Fifth Circuit Court of Appeals in March 2014. 21st Century initiated proceedings in this district, seeking to enforce the judgment against Manchester Financial Bank.

Following the judgment debtor examinations, 21st Century filed a motion to amend the judgment to add Manchester Financial Group, Inc. ("MFG Corp"), and Manchester Financial Group, L.P. ("MFG Partnership"), as additional judgment debtors. 21st Century alleges that recovery from MFG Corp and MFG Partnership is proper under an alter-ego theory of liability.

The Court held a hearing on this matter on November 23, 2015, at which the Court sua sponte raised the issue of whether or not the Court has subject matter jurisdiction to add the proposed parties as judgment debtors.

## II. DISCUSSION

District courts have subject matter jurisdiction "over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments." Peacock v. Thomas, 516 U.S. 349, 356 (1996). However, this power does not extend to suits where "the relief sought is of a different kind or on a different principle than that of the prior decree." Id. at 358 (quoting Dugas v. Am. Surety Co., 300 U.S. 414, 428 (1937)). When a subsequent action is founded upon different facts and entirely new theories of liability, an independent basis for federal jurisdiction is required. See Peacock, 516 U.S. at 355; Ellis v. All Steel Constr., Inc., 389 F.3d 1031, 1033 (10th Cir. 2004) ("[I]t is only when an alter-ego claim is asserted in a separate judgment-enforcement proceeding that Peacock requires an independent basis for federal jurisdiction.").

Here, 21st Century seeks to hold MFG Corp and MFG Partnership liable for the judgment entered against Manchester Financial Bank pursuant to an alter-ego theory of liability. However, MFG Corp and MFG Partnership were not

defendants in the Texas proceedings. Moreover, the issues in the Texas proceedings concerned an arbitration award resulting from a breach of contract claim between 21st Century and Manchester Financial Bank.

In <u>Peacock</u>, the plaintiff attempted in a second suit to pierce the corporate veil of a defendant-corporation when the defendant could not satisfy the judgment in the initial case. 516 U.S. at 352. The district court ultimately agreed to pierce the corporate veil, and entered judgment against Peacock—the corporation's executive officer—in the amount originally entered against the corporation. <u>Id.</u> at 351-52. The Fourth Circuit affirmed, holding that the district court properly exercised its ancillary jurisdiction over the suit. <u>Id.</u> at 352. The Supreme Court, however, held that the district court's ancillary jurisdiction did not extend to the plaintiff's veil-piercing claims because "ancillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party." <u>Id.</u> at 359. Rather, plaintiff's veil-piercing claims required an independent basis for federal jurisdiction. <u>Id.</u>

Like the plaintiff in <u>Peacock</u>, 21st Century also seeks to enforce a judgment against third-parties who were not defendants in the original action. Although 21st Century alleges liability under an alter-ego theory rather than veil-piercing theory, the Supreme Court's holding in <u>Peacock</u> has been interpreted to apply to both cases. <u>See, e.g.</u>, <u>Ellis</u>, 389 F.3d at 1033; <u>U.S.I. Props. Corp. v. M.D. Constr. Co.</u>, 230 F.3d 489, 498 (1st Cir. 2000). Therefore, 21st Century must establish an independent basis of federal jurisdiction.

To establish jurisdiction, 21st Century argues that adding additional judgment debtors to a valid federal judgment is not a new lawsuit, but merely a motion. The Court disagrees. <u>Peacock</u> clearly holds that an independent basis of federal jurisdiction is required when a party attempting to enforce a judgment

brings suit against third parties under an alter-ego theory of liability.[1] 21st Century has initiated post-judgment proceedings in a different district, against different parties, alleging liability under new legal theories, and must therefore establish an independent basis for jurisdiction. See Ellis, 389 F.3d at 1034 ("Peacock also is not implicated in actions to reach and collect assets of the judgment debtor held by a third party; it is only when the plaintiff seeks to hold the third party personally liable on the judgment that an independent jurisdictional basis is required.").

According to the supplemental briefing, 21st Century is a limited liability company with members in ten different states, including Texas. Thus, 21st Century is a citizen of Texas for jurisdictional purposes. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that limited liability companies, like partnerships, are citizens of every state of which its members are citizens). MFG Partnership is a limited partnership with five limited partners and one general partner. Two of the limited partners are citizens of Texas, and MFG Corp, the general partner, is a California corporation with its principle place of business in California. Therefore, MFG Partnership is also a citizen of Texas for jurisdictional purposes.

Because 21st Century and MFG Partnership are each citizens of Texas, complete diversity does not exist. Accordingly, the Court lacks subject matter jurisdiction to entertain 21st Century's motion to alter judgment and add additional non-diverse judgment debtors.

---

[1] 21st Century cites Blackburn Truck Lines, Inc. v. Francis, 723 F.2d 730 (9th Cir. 1984) in support of their jurisdictional argument. However, the Supreme Court in Peacock listed Blackburn as an example of the circuit split they were resolving. See Peacock, 516 U.S. at 352 n.2. The Supreme Court disagreed with the Ninth Circuit's reasoning, adopting instead the reasoning from the Tenth and Fifth Circuits that declined to extend the scope of jurisdiction for enforcing judgments past that of the courts' ancillary jurisdiction.

### III. CONCLUSION

The Court lacks subject matter jurisdiction to enforce a judgment against non-diverse parties pursuant to an alter-ego theory of liability. The Court is aware that 21st Century's supplemental briefing requests in the alternative that the Court add only Manchester Financial Group, Inc., as a non-diverse judgment debtor. This argument has not been fully briefed, nor has the Defendant responded to 21st Century's alternative argument.

For these reasons, 21st Century's motion to add Manchester Financial Group, L.P., and Manchester Financial Group, Inc., as judgment debtors is **DENIED WITHOUT PREJUDICE**. Any request to add only Manchester Financial Group, Inc., as a judgment debtor must be raised as a separate motion.

**IT IS SO ORDERED.**

Dated:  May 19, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court